UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

Sujed Drummond
   Plaintiff

v.

Northern York Region Police Department
   Defendant

CIVIL ACTION 1:24-cv-01625

PLAINTIFF'S SECOND AMENDED COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA:

FILED
HARRISBURG, PA
SEP 25 2024
PER _____ mt
DEPUTY CLERK

I. JURISDICTION & VENUE

1. THIS IS A civil Action Authorized by U.S.C. Section 1983 to redress the deprivations under the color of state law, of Rights secured by the Constitution of the United States. The court has jurisdiction under 28 U.S.C. Section 1331 and 1343 (a)(3). Plaintiff seeks declaratory Relief pursuant to 28 U.S.C. 2201 and 2202. Plaintiff's ~~[struck through]~~ claim for injunctive Relief are Authorized by 28 U.S.C 2283 & 2294 and Rule 65 of Federal Rules of civil Procedure.

2. THE United States District Court of the Middle District Of Pennsylvania is an appropriate venue under 28 U.S.C. 1391(b)(2) because it is where the events giving rise to this claim occurred.

1/Page

## II. PLAINTIFF

3. Plaintiff, Syied Drummond is and was at all times mentioned herein a prisoner of the state of Pennsylvania in the custody Pennsylvania Department of Corrections. He is currently confined in SCI Huntingdon in Huntingdon, PA.

## III. Defendants

4. Sgt. Jack Asper is a officer of the Northern York Region Police Department who at all times mentioned in this complaint is assigned to the Northern York Police Department.

5. Defendant Detective Stephen E. Lebo is a officer of the Northern York Region Police Department who at all times mentioned in this complaint is assigned to the Northern York Police Department.

6. The Northern York Police Department at all times mentioned in this complaint.

## IV. Facts

7. ~~[struck through]~~ Plaintiff filed an amendment complaint on April 18th 2024 after filing an initial complaint on April 14th 2022 & August 31st 2023 concerning missing, stolen, and destroyed property that was in possession of Norther York Region Police Department after Plaintiff was mandated to the York County Prison where at the time he was facing charges for attempted murder, aggravated assault, & reckless endangerment. For which his Grey Dodge Charger VIN# 2B3CA4CV1AH148764 was impounded for testing for blood & finger prints as evidence relating to a crime scene. Inside of the vehicle was 65,000 dollars worth of merchandise for retale sale, $6,500 in cash in the Plaintiff Glove Compartment.

2|Page

8. In Plaintiffs Amended complaint, Plaintiff asserted his Petition filed pursuant to Pa.R.Crimm.P588.

9. On May 12th, 2022 Prior to above criminal proceedings, after blood on the vehicle was tested which it never was, and the vehicle was searched. Judge Harry Ness court ordered that the vehicle be returned to the Plaintiff. Plaintiffs vehicle and the contents within were sold prior or after the court ordered its return.

10. Plaintiff was released on nominal bail under Rule 600 on March 29th, 2022. The Northern York Region Police Department had unlawfully retained Plaintiffs vehicle and it's contents prior to being ordered by the court to return it to the Plaintiff.

11. The property obtained and sold by the Northern York Region Police Department was the result of an unconstitutional search and seizure in violation Art. I § 8 of the Pennsylvania constitution and the Fourth Amendments of the United States Constitution, and the failure to return property violates these constitutional rights.

12. The vehicle and it's contents that was seized and retained was not derivative contraband. There was an insufficient nexus between the vehicle, it's contents and any alleged criminal activity.

13. The retention and sale of Plaintiffs property by the Northern York Region Police Department was in violation of Pa.R.Crim.P.588 and his due process right to use, enjoy and defend his property and his right not to have his property retained or sold without authority of law and without just compensation, as guaranteed by the United States and Pennsylvania constitutions. See Article I § 1, 8, 9, 10, 25, Pa. Const, Fourth, Fifth, Sixth, and Ninth Amendments, U.S. Constitution.

14. Plaintiff is entitled to the Blue Book Value at the time of siezure for his vehicle which was 14,000 dollars, as well as the 6,500 dollars in cash that was in the vehicle along with over 64,000 dollars of retale merchandise that was inside the plaintiff vehicle.

15. Plaintiff is an indegent pro se litigant, who is not well versed in matters of federal procedure. A complaint filed by a pro se litigant is to be liberally construed and how ever inartfully pled must be held to less stringent standards than formal pleading drafts by lawyers. See Erickson v. Pardns, 551 U.S. 89, 127 S.Ct. 2197 (2007)

16. Plaintiff has made ever attempt to present/perfect his claims to this court by presenting this allegation where his ability to present the truth to the best of his limited knowledge of the law has forced the plaintiff to fight for justice to reclaim what was illlegally an unjustly taken from the plaintiff by the Northern York Region Police Department.

V. Conclusion

For the reason set forth in this second amended complaint, plaintiff prays that this court grant plaintiffs complaint and dismiss the defendant's motion to dismiss.

Respectfully Submitted

*Syjed Drummond*

Syjed Drummond

4/Page

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

Syied Drummond
                Plaintiff                :   CIVIL ACTION
        v.                                :
Northern York Region Police Department    :
                Defendant(s)

## PLAINTIFF's AMENDED COMPLAINT

TO THE HONORABLE UNITED STATES MAGISTRATE JUDGE OF THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA:

II. JURISDICTION & VENUE

17. THIS IS A Civil Action Authorized By U.S.C. Section 1983 to Redress the Deprivation, under color of state law, of Rights Secured By the Constitution of the United States. The Court has Jurisdiction under 28 U.S.C Section 1331 and 1343(a)(3). Plaintiff Drummond Seeks Declaratory Monetary Relief Pursuant to 28's claim for Injunctive Relief Presents this Amended Complaint, Pursuant to R.Civ.Proc.Rule 15(a) and Presents As follows:

18. Plaintiff complaint Asserts that his, see Article I § 1, 8, 9, 10, 25, Pa. const, First, Fourth, Fifth, Sixth and Ninth Amendments, U.S. Constitutional Rights Were Violated. The Plaintiff Property was Retained And Illegally sold By the Northern York Region Police Department After it was Court Ordered To Be Returned to Plaintiff. So there fore By the Plaintiffs Property Not Being Returned to the Plaintiff As court Ordered. Plaintiff was Subsequently convicted. Due to the fact that It Prevented Plaintiff From

6/PAGE

being able to use his vehicle to travel & do business, and ascertain a proper adequate legal defense pertaining to Plaintiffs criminal case at the time and be able to ascertain paid legal counsel, private investigators, video photage forensic meda data specialist, and blood analysis DNA testing on Plaintiffs vehicle by a independant specialist which would have changed the complete outcome of the Plaintiffs criminal case, and Plaintiff would have been able to prove his innocence beyound a reasonable doubt.

19. The above was done to Plaintiff to asure Plaintiff's criminal conviction. An to make sure that the Plaintiff wouldn't be able to ascertain paid legal counsel for appeal.

20. Plaintiff also asserts that on the date of April 12th 2024 he was not taken to his return of property hearing, and his case was dismissed due to his absence which was not his fault. Due to the fact that SCI Huntingdon never connected Plaintiff to the zoom hearing, nor did they physicaly transport Plaintiff to attend said hearing.

21. Plaintiff seeks full reimbursement of the value of his vehicle which was 14,000 dollars, 65,000 dollars for all of the retail merchandise that was in the ~~[struck through]~~ Plaintiffs vehicle, an 6,500 dollars in cash that was in the glove compartment of his vehicle that was stolen and not reported or inventoried by the Northern York Region Police Department.

22. Plaintiff is an indigent pro se. litigant, who is not well versed in matters of federal proceedure. A complaint filed by a pro se litigant is to be liberally construed and however inartfully plead must be held to less stringent standards than formal pleading drafted by

7/page

LAWYERS. SEE ERICKSON V. PARDNS, 551 U.S. 89, 127 S. Ct. 2197 (2007).

## CONCLUSION

For the reasons to set forth in this Opposition of Defendants, Plaintiff prays that this court denys the Defendant's Motion to Dismiss and permit Plaintiff to continue his litigation.

Respectfully Submitted

*Syied Drummond*

Syied Drummond

8/ Page

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

Syied Drummond     :   CIVIL ACTION
       Plaintiff   :
       v.          :
Northern York Region Police Department :
       Defendant(s)

*RECEIVED YORK COUNTY PROTHONOTARY 2024 AUG 26 AM 9:19 JUDICIAL CENTER YORK PA* (crossed out)

## CERTIFICATE OF SERVICE

I, Syied Drummond, hereby certify that I have, this August 13th, 2024 sent a correct copy of the attached to the parties listed below, by way of first-class U.S. Mail. As a Pro Se filing from a prisoner authorities for mailing. See Smith v. Pennsylvania Board of Probation, 683 A.2d 278 (Pa.1996); adopting Houston v. Lack 108 S.Ct. 2379 (1988) In Houston, the United States Supreme Court deemed an appeal by a Pro Se prisoner to be filed when it was given to Prison Authorities for mailing for mailing, and thus, essentially adopting a "Prisoner Mail Box Rule"). Pursuant to Pa.R.A.P. 121.

FIRST CLASS U.S. MAIL

(York County Clerk of Courts
45. North George Street
York, PA. 17401)

(Northern York Region
Police Department)

(United States District Court
Middle District of Pennsylvania
228 Walnut Street
P.O. Box 983
Harrisburg, PA. 17108)

Respectfully Submitted

*Syied Drummond* (signature)

Syied Drummond

9/page

United States District Court
Middle District of Pennsylvania
228 Walnut Street, P.O. Box 983
Harrisburg, PA 17108

To whom this may concern: ~~[redacted]~~

9/11/2024

I wrote a hand written motion on August 13th 2024 that was sent back to me. It was pertaining to a civil action against Northern York Region Police Department with me Syied Drummond as the Plaintiff.

I was told that I needed to submit a complaint & a summons which I did. At which time that was sent back with a note from the clerk of courts saying that I need to add a case # to my paper work, because they don't know where to file it. My due proccess rights are being intentionally violated by York County to prevent me from filing my civil complaint on time. I can't have a case civil action # until the courts apoint me one pertaining to my case. Can you please help me. Please file my law suite for me.

THANK YOU.

Respectfully Submitted
Syied Drummond

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF PENNSYLVANIA

Syied Drummond

        Plaintiff : CIVIL ACTION _____

   V.

Northern York Region Police Department

        Defendant(s)

## CERTIFICATE OF SERVICE

I, Syied Drummond, hereby certify that I have, this ~~~~ August 13th, 2024 sent a correct copy of the attached to the parties listed below, by way of first-class U.S. Mail. As a pro se filing from a prisoner authorities for mailing. See Smith V. Pennsylvania Board of Probation, 683 A.2d 278 (Pa. 1996); Adopting Houston V. Lack, 108 S.Ct. 2379 (1988) (In Houston, the United States Supreme Court deemed an appeal by a pro se prisoner to be filed when it was given to prison authorities for mailing for mailing, and thus, essentially Adopting a "Prisoner Mailbox" rule). Pursuant to Pa.R.A.P. 121.

FIRST CLASS U.S. MAIL

(York County Clerk Of Courts)
45 North George Street
York, PA. 17401

(Northern York Region Police Department)

(United States District Court)
Middle District Of Pennsylvania
228 Walnut Street, P.O. Box 983
Harrisburg, PA. 17108

Respectfully Submitted

*Syied Drummond*
Syied Drummond

5/PAGE

Mr. Suied Drummond # QP5489
SCI-Huntingdon
1100 Pike Street
Huntingdon, Pennsylvania 16654

INMATE MAIL
PA DEPARTMENT
OF CORRECTIONS



US POSTAGE PITNEY BOWES
ZIP 16652  $001.77
02 4W
0000372161 SEP 13 20

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA
228 Walnut Street
P.O. Box 983
Harrisburg, Pennsylvania 17108



RECEIVED
HARRISBURG, PA
SEP 25 2024
PER ___MA___
DEPUTY CLERK